FILED

October 1, 2015

TN COURT OF
WORKERS' COMPENSATION
CLAIMS

Time: 12:59 PM



# IN THE COURT OF WORKERS' COMPENSATION CLAIMS
## AT MEMPHIS

| | |
|---|---|
| Raymond W. Scott, Jr.,      ) <br>      Employee,      ) <br> v.      ) <br> Snyder Services Plumbing Company,      ) <br>      Employer,      ) <br> And      ) <br> Builders Mutual Insurance Company,      ) <br>      Insurance Carrier.      ) <br>      ) | Docket No.: 2015-08-0118 <br><br> State File No.: 27889-2015 <br><br> Date of Injury: January 28, 2015 <br><br> Judge Jim Umsted |

---

## EXPEDITED HEARING ORDER DENYING REQUEST FOR BENEFITS AND GRANTING MOTION IN LIMINE

---

THIS CAUSE came before the undersigned Workers' Compensation Judge upon the Request for Expedited Hearing filed by Raymond W. Scott, Jr., the Employee, on July 21, 2015, and the Motion in Limine filed by Snyder Services Plumbing Company, the Employer, on August 12, 2015. Mr. Scott requests the Court to determine if Snyder should provide medical and/or temporary disability benefits. Snyder requests the Court to exclude the affidavit of Brandon Hardin.

The undersigned Workers' Compensation Judge conducted an in-person Expedited Hearing on August 14, 2015. Considering the positions of the parties, the applicable law, and all of the evidence submitted, the Court concludes that Mr. Scott did not timely file the affidavit of Brandon Hardin, and the Court will not consider it as evidence. The Court further concludes that Mr. Scott is not entitled to the requested medical and temporary disability benefits.

## ANALYSIS

### Motion in Limine

Snyder objected to the introduction into evidence of Brandon Hardin's affidavit. Mr. Scott filed a Request for Expedited Hearing on July 21, 2015. He filed the "Declaration of Brandon Hardin" in the form of an affidavit on August 11, 2015. Rule

1

5.03 of the Court of Workers' Compensation Claims' Practice and Procedures Rules provides:

> Pursuant to Rule 0800-02-21-.14(1), if the moving party intends to rely upon affidavits, the moving party must file the affidavits at the time the request for expedited hearing is filed with the clerk.

The Court interprets this rule to apply to all affidavits relied upon by the moving party. Mr. Scott did not file the declaration/affidavit of Brandon Hardin at the time the REH was filed. Therefore, this affidavit is not allowed into evidence.

## Issues

The issues to be determined are:

1. *Whether Mr. Scott's claim is compensable;*
2. *Whether Mr. Scott is entitled to additional medical care as recommended by a physician; and*
3. *Whether Mr. Scott is entitled to any past or future temporary total disability benefits, and if so, in what amount.*

## Evidence Submitted

The Court admitted into evidence the exhibits below, except for exhibit 5, which was marked for identification only:

1. Affidavit of William B. Ryan dated July 20, 2015;
2. Deposition of Dr. Robert Bobo taken June 25, 2015;
3. Declaration of Lisa Snyder filed July 23, 2015;
4. Declaration of Tammy Perfetti filed July 23, 2015;
5. Declaration of Brandon Hardin filed August 11, 2015 [
6. Form C-42 Agreement between Employer/Employee Choice of Physician;
7. Medical Records of Specialty Orthopedics;
8. Medical Records of St. Francis Hospital; and
9. Form C-42 "Wage Statement" filed with the Court on August 26, 2015.

The Court designated the following as the technical record:

- Petition for Benefit Determination (PBD), filed July 1, 2015;
- Dispute Certification Notice (DCN), filed July 21, 2015;
- Request for Expedited Hearing, filed July 21, 2015;
- Employer's Pre-Hearing Brief, filed July 23, 2015;
- Employee's Pre-Hearing Brief, filed August 12, 2015;

2

- Employer's Motion in Limine to Exclude the Affidavit of Brandon Hardin, filed August 12, 2015;
- Employee's Response to Employer's Motion in Limine to Exclude the Affidavit of Brandon Hardin, filed August 12, 2015;
- Employer's Reply to Employee's Response to Motion in Limine to Exclude the Affidavit of Brandon Hardin, filed August 13, 2015.

The Court did not consider attachments to the above filings unless admitted into evidence during the Expedited Hearing. The Court considered factual statements in the above filings or any attachments thereto as allegations unless established by the evidence.

Mr. Scott provided in-person testimony.

## Stipulations of the Parties

Prior to this Expedited Hearing, the parties stipulated, as follows:

1. Mr. Scott is an employee of Snyder as defined by the Tennessee Workers' Compensation Law; and

2. The parties have agreed on the average weekly wage (AWW) and weekly compensation rate (CR) of Mr. Scott and will furnish this information to the Court in a late filing. [Note: A Form C-42 "Wage Statement" filed with the Court on August 26, 2015, showed an AWW of $1,009.07 and a CR of $672.74. This wage statement was allowed into evidence as Exhibit 9].

## History of Claim

Mr. Scott is a forty-nine-year-old resident of Shelby County, Tennessee, who worked as a plumber for Snyder in Southhaven, Mississippi. Mr. Scott testified he sustained an injury to his right arm on January 28, 2015, while standing on a ladder pulling pipe. Mr. Scott further testified he did not immediately report the injury to Snyder because he hoped the injury was minor, and he did not want to risk jeopardizing his job.

Mr. Scott testified his arm injury did not improve, and on January 30, 2015, he sought medical treatment from Dr. Richard Ennis at Specialty Orthopedics. Mr. Scott stated he went to Specialty Orthopedics because his girlfriend worked at the clinic. The medical record from that date of service reflects Mr. Scott reported that the injury occurred two days prior when he was pulling hard with his elbow and felt a pop. (Ex. 7.) The medical record also reflects Mr. Scott reported that the injury did not occur at work. (attachment to Ex. 2) In addition, Mr. Scott admitted he did not tell the doctor this injury occurred at work. Dr. Ennis placed Mr. Scott's arm in a sling and splint with instructions to return to see Dr. Robert Bobo, "an expert in that type of injury." (Ex. 7.)

3

On February 3, 2015, Mr. Scott returned to see Dr. Bobo. Dr. Bobo diagnosed a torn distal biceps tendon and recommended a surgical repair. (Ex. 7.) Mr. Scott testified that he told Dr. Bobo his injury occurred at work, and about one and one-half weeks later, he told his boss, Mr. Snyder, he had hurt his arm at work. According to Mr. Scott, Mr. Snyder recommended handling the injury claim under health insurance and not workers' compensation insurance.

Snyder offered the affidavit of an employee, Ms. Tammy Perfetti. (Ex. 4.) In her affidavit, Ms. Perfetti reported:

> I overheard a conversation between Lisa Snyder and Raymond Scott where he told her he wanted to use his insurance instead of going through workers' compensation on an injury he received to his arm. He also stated his girlfriend works at the doctor's office and he wasn't worried about his copay.

In response to the affidavit of Ms. Perfetti, Mr. Scott testified the described conversation was essentially correct, and he was telling Ms. Snyder that Mr. Snyder wanted him to use his health insurance instead of workers' compensation insurance.

Mr. Scott continued working and continued treating with Dr. Bobo. On March 18, 2015, Dr. Bobo performed surgery on Mr. Scott's right elbow. (Ex. 7.) Dr. Bobo testified at his deposition that shortly after surgery, he released Mr. Scott to light-duty work, restricting him to only left-handed work. (Ex. 2 at 19.) Later, after Mr. Scott told Dr. Bobo that Snyder was giving him work outside his restrictions, Dr. Bobo took him totally off work to protect his right arm. (Ex. 7.)

Mr. Scott testified that Snyder initially accommodated his restrictions by giving him a helper he could supervise. However, after one and one-half weeks, Snyder sent him on a job without a helper, and he could not perform the job using one hand. Mr. Scott also testified that his boss, Mr. Snyder, told him he could not pay him to do nothing.

Snyder offered the affidavit of Ms. Lisa Snyder. (Ex. 3.) In her affidavit, Ms. Snyder reported:

> Mr. Scott was provided a return work position within his restrictions following his arm surgery. Mr. Scott was assigned task[s] that could be performed with the use of only one hand, per his restrictions. However, Mr. Scott later advised me that he would not return to work until he was provided a company truck. I informed Mr. Scott that he would not be provided a company truck due to his truck being taken away for using a company vehicle for his personal use. Mr. Scott notified me shortly

4

thereafter that he had been taken out of work completely, in part due to us not providing him a company truck.

On April 9, 2015, Dr. Bobo entered a note in his records that Mr. Scott's right-elbow injury occurred while he was working. (Ex. 7.) This is the first notation in the medical records that this was a work-related injury. On April 13, 2015, Snyder provided Mr. Scott a panel of physicians Form C-42. (Ex. 6.) Mr. Scott selected Dr. Bobo from the panel. Dr. Bobo testified in his deposition that Mr. Scott told him he was injured at work the first time he saw him, but the medical record was not clarified until April 9, 2015. (Ex. 2 at 25.)

Mr. Scott filed a PBD on July 1, 2015, seeking medical and temporary disability benefits. The parties did not resolve the disputed issues through mediation, and the Mediating Specialist filed the DCN on July 21, 2015.

### Mr. Scott's Contentions

Mr. Scott contends this is a compensable injury. He reported the injury to Snyder a little over a week after it occurred. Snyder recommended that Mr. Scott not file a workers' compensation claim but obtain medical treatment using his work medical insurance. Mr. Scott agreed to do that. He obtained medical treatment from Dr. Bobo. Dr. Bobo assigned light-duty work restrictions, and Snyder provided light-duty work for a short time. When Snyder began giving Mr. Scott work outside his restrictions, Mr. Scott told Dr. Bobo, and Dr. Bobo took him completely off work. When Mr. Scott realized the seriousness of his right-arm injury, he decided he must file his injury as a workers' compensation claim. Mr. Scott requests authorized medical treatment with Dr. Bobo and temporary disability benefits.

### Snyder's Contentions

Snyder contends that Mr. Scott did not notify Snyder that he had an injury until February 27, 2015, and that he asked to treat under private health insurance. According to Snyder, Mr. Scott did not allege he suffered a work-related injury until after Dr. Bobo performed surgery on March 18, 2015. Snyder asserts the medical records first mention a work injury on April 9, 2015, and it was not until after this medical note that Mr. Scott reported to Snyder that he sustained a work-related injury. Snyder also contends that Dr. Bobo has given favorable treatment to Mr. Scott in connection with Mr. Scott's girlfriend working at Dr. Bobo's office. Snyder contends that Mr. Scott, with Dr. Bobo's assistance, has falsely reported this injury to be work-related.

Snyder further argues that it has light-duty work available for Mr. Scott within the restrictions noted by Dr. Bobo. However, notwithstanding Snyder's offer of light-duty work, Dr. Bobo unreasonably took Mr. Scott completely off work.

## Findings of Fact and Conclusions of Law

### Standard Applied

The Workers' Compensation Law shall not be remedially or liberally construed in favor of either party but shall be construed fairly, impartially and in accordance with basic principles of statutory construction favoring neither the employee nor employer. Tenn. Code Ann. § 50-6-116 (2014). An employee need not prove every element of his or her claim by a preponderance of the evidence in order to obtain relief at an expedited hearing. *McCord v. Advantage Human Resourcing*, No. 2014-06-0063, 2015 TN Wrk. Comp. App. Bd. LEXIS 6, at *7-8, 9 (Tenn. Workers' Comp. App. Bd. Mar. 27, 2015). At an expedited hearing, an employee has the burden to come forward with sufficient evidence from which the trial court can determine that the employee is likely to prevail at a hearing on the merits. *Id.*

### Factual Findings

Mr. Scott claims he sustained an injury on January 28, 2015. He did not immediately report the injury to Snyder. Mr. Scott obtained medical treatment on his own at Specialty Orthopedics on January 30, 2015, before reporting an injury claim to Snyder. He went to Specialty Orthopedics because his girlfriend works at the clinic. Dr. Ennis treated Mr. Scott on the first visit. During that visit, Mr. Scott reported that the injury did not occur at work. On February 3, 2015, Mr. Scott returned to Specialty Orthopedics to see Dr. Bobo. Dr. Bobo diagnosed a torn distal biceps tendon and recommended a surgical repair. At some point after he began treating with Dr. Bobo, Mr. Scott told Dr. Bobo he had hurt his arm at work. On March 18, 2015, Dr. Bobo performed surgery on Mr. Scott's right arm. On April 9, 2015, Dr. Bobo entered a note in his records that Mr. Scott's right-elbow injury occurred while he was working. This is the first notation in the medical records that this was a work-related injury.

After Mr. Scott began treating with Dr. Bobo, he had discussions with Snyder about filing a workers' compensation claim. On April 13, 2015, Snyder provided Mr. Scott a panel of physicians Form C-42, and Mr. Scott selected Dr. Bobo from the panel.

### Application of Law to Facts

For injuries on or after July 1, 2014, an employee must show that his injury arose primarily out of and in the course and scope of employment. Tenn. Code Ann. § 50-6-102(13) (2014). At an expedited hearing, an employee has the burden to come forward with sufficient evidence from which the trial court can determine that the employee is likely to prevail at a hearing on the merits. *McCord v. Advantage Human Resourcing*,

6

No. 2014-06-0063, 2015 TN Wrk. Comp. App. Bd. LEXIS 6, at *7-8, 9 (Tenn. Workers' Comp. App. Bd. Mar. 27, 2015).

This case does not involve a question of medical causation. Instead, it strictly involves a factual question regarding whether Mr. Scott was injured at work. Mr. Scott alleges that Snyder encouraged him to report the claim under his medical insurance and not under workers' compensation. Even if true, this allegation involves actions taken after Mr. Scott had already started medical treatment and does not assist the Court in determining whether Mr. Scott actually sustained his injury while working. Unfortunately, at this point in the litigation, there are no independent witnesses to support or dispute Mr. Scott's claim that he suffered a work injury.

Mr. Scott did not initially report an injury at work. He went to his own physician at Specialty Orthopedics, where the medical records indicate he initially reported his injury was not work-related. At the Expedited Hearing, Mr. Scott confirmed he did not initially report his injury as work-related. When Mr. Scott first reported his injury as non-work-related at Specialty Orthopedics, Snyder had no knowledge of an injury claim and did not tell Mr. Scott to give a false report to Specialty Orthopedics. According to Dr. Bobo, Mr. Scott first reported his injury as work-related on February 3, 2015. The testimony and documentary evidence submitted persuades the Court to accept Mr. Scott's original report that his injury was not work-related.

Based on the evidence before the Court at this time, Mr. Scott has failed to come forward with sufficient evidence from which the Court can determine that he is likely to prevail at a hearing on the merits. Therefore, his request for medical and temporary disability benefits is denied.

**IT IS, THEREFORE, ORDERED** as follows:

1. Mr. Scott's claim against Snyder and its workers' compensation carrier for the requested medical and temporary disability benefits is denied. At this time, Mr. Scott has not come forward with sufficient evidence from which this Court concludes that he is likely to prevail at a hearing on the merits.

2. This matter is set for an Initial Hearing on October 23, 2015, at 10:00 a.m.

**ENTERED this the 1st day of October, 2015.**

**Jim Umsted, Judge**
**Court of Workers' Compensation Claims**

7

Initial Hearing:

A Scheduling Hearing has been set with **Judge Jim Umsted, Court of Workers' Compensation Claims. You must call 615-532-9550 or toll free at 866-943-0014 to participate in the Initial Hearing.**

**Please Note: <u>You must call in on the scheduled date/time to participate.</u> Failure to call in may result in a determination of the issues without your further participation. All conferences are set using Central Time (CT).**

Right to Appeal:

Tennessee Law allows any party who disagrees with this Expedited Hearing Order to appeal the decision to the Workers' Compensation Appeals Board. To file a Notice of Appeal, you must:

1. Complete the enclosed form entitled: "Expedited Hearing Notice of Appeal."

2. File the completed form with the Court Clerk *within seven business days* of the date the Workers' Compensation Judge entered the Expedited Hearing Order.

3. Serve a copy of the Expedited Hearing Notice of Appeal upon the opposing party.

4. The appealing party is responsible for payment of a **filing fee in the amount of $75.00.** Within ten calendar days after the filing of a notice of appeal, payment must be received by check, money order, or credit card payment. Payments can be made in person at any Bureau office or by United States mail, hand-delivery, or other delivery service. In the alternative, the appealing party may file an Affidavit of Indigency, on a form prescribed by the Bureau, seeking a waiver of the filing fee. The Affidavit of Indigency may be filed contemporaneously with the Notice of Appeal or must be filed within ten calendar days thereafter. The Appeals Board will consider the Affidavit of Indigency and issue an Order granting or denying the request for a waiver of the filing fee as soon thereafter as is practicable. **Failure to timely pay the filing fee or file the Affidavit of Indigency in accordance with this section shall result in dismissal of the appeal.**

5. The parties, having the responsibility of ensuring a complete record on appeal, may request, from the Court Clerk, the audio recording of the hearing for the purpose of having a transcript prepared by a licensed court reporter and filing it with the Court Clerk within ten calendar days of the filing of the Expedited

Hearing Notice of Appeal. Alternatively, the parties may file a joint statement of the evidence within ten calendar days of the filing of the Expedited Hearing Notice of Appeal. The statement of the evidence must convey a complete and accurate account of what transpired in the Court of Workers' Compensation Claims and must be approved by the workers' compensation judge before the record is submitted to the Clerk of the Appeals Board.

6. If the appellant elects to file a position statement in support of the interlocutory appeal, the appellant shall file such position statement with the Court Clerk within three business days of the expiration of the time to file a transcript or statement of the evidence, specifying the issues presented for review and including any argument in support thereof. A party opposing the appeal shall file a response, if any, with the Court Clerk within three business days of the filing of the appellant's position statement. All position statements pertaining to an appeal of an interlocutory order should include: (1) a statement summarizing the facts of the case from the evidence admitted during the expedited hearing; (2) a statement summarizing the disposition of the case as a result of the expedited hearing; (3) a statement of the issue(s) presented for review; and (4) an argument, citing appropriate statutes, case law, or other authority.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Expedited Hearing Order was sent to the following recipients by the following methods of service on this the 1st day of October, 2015.

| Name | Certified Mail | First Class Mail | Via Fax | Fax Number | Via Email | Email Address |
|---|---|---|---|---|---|---|
| Drew Davis, Esq. | | | | | X | drew@donatilaw.com |
| Devin R. Williams, Esq. | | | | | X | drw@psw-law.com |

Penny Shrum, Clerk of Court
Court of Workers' Compensation Claims
WC.CourtClerk@tn.gov

9